**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER MAEKER,

       Plaintiff,

vs.                                         No. CIV 21-1104 JB/GJF

ATTORNEY GENERAL STATE OF NEW MEXICO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Letter-Complaint, (dated November 5, 2021), filed November 16, 2021 (Doc. 1)("Letter-Complaint"), seeking relief or advice with respect to a trust, see Letter-Complaint at 1-2. Plaintiff Christopher Maeker is incarcerated and proceeding pro se. The Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, granted leave to proceed in forma pauperis, assessed an initial partial payment, and directed C. Maeker to show cause why the Court should not dismiss the Letter-Complaint for lack of jurisdiction. See Order to Show Cause at 2-4, filed February 24, 2022 (Doc. 7)("Show Cause Order"). Because C. Maeker has responded that he does not wish to prosecute this case, the Court will dismiss the Letter-Complaint without prejudice. See Letter from Christopher Maeker to Magistrate Judge Fouratt (dated March 22, 2022), filed March 28, 2022 (Doc. 8).

## BACKGROUND

C. Maeker is an inmate at Red Rock Correctional Center in Eloy, Arizona. See Letter-Complaint at 74. The Letter-Complaint alleges that C. Maeker is a beneficiary to the revocable trust that his mother, June Maeker, executed. See Letter-Complaint at 1, 11. C. Maeker

allegedly tried to access funds via J. Maeker's brother, but that was unsuccessful.   See Letter-Complaint at 1.   According to C. Maeker, his mother was subject to false allegations of incompetency.   See Letter-Complaint at 1.   The Attorney General of New Mexico ("Attorney General") allegedly was unaware the trust existed and referred the management of J. Maeker's estate to Agudando Guardians.   See Letter-Complaint at 1.   That company was later prosecuted for embezzlement.   See Letter-Complaint at 1.   The Letter-Complaint alleges the "Feds [became] . . . involved due to a major drag-net of all the Estates" managed by Agudando Guardians "until the investigation was completed, and thus seized all [of Maeker's] inheritance."   Letter-Complaint at 1-2.   C. Maeker contends that he has no knowledge "as to what happened … or where [his] inheritance is."   Letter-Complaint at 2.   He filed the Letter-Complaint "to ascertain how to access [his] benefit" and to avoid abandoning any rights.   Letter-Complaint at 2.

C. Maeker contends that someone from the Attorney General's Office sent him an email a year ago stating that the Attorney General's lawyers can assist with the matter.   See Letter-Complaint at 1.   The Letter-Complaint is addressed to Walk-In Wills, P.C., and purports to include, as carbon copy recipients, the Attorney General, financial services company Edward Jones, and the United States Attorney's Office, care of the United States District Court for the District of New Mexico.   See Letter-Complaint at 2.   The Letter-Complaint also attaches a copy of J. Maeker's trust.   See Letter-Complaint at 3.   On January 26, 2022, C. Maeker filed an Application to Proceed in District Court Without Prepaying Fees or Costs to support the Letter-Complaint.   See Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 26, 2022 (Doc. 6)("IFP Motion").

The Court referred the case to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner

- 2 -

Cases, entered November 18, 2021 (Doc. 2).  Magistrate Judge Fouratt granted the IFP Motion

and assessed an initial partial payment of $37.55.  See Show Cause Order at 3-4.  In the Show

Cause Order, Magistrate Judge Fouratt also observed that the Letter-Complaint fails to allege a

basis for federal jurisdiction:

> The Letter-Complaint seeks advice or assistance with respect to Plaintiff's
> inheritance.  The Court will direct Plaintiff to show cause why this action should not be
> dismissed without prejudice, for several reasons. First, "the [C]ourt cannot provide legal
> advice." Johnson v. Audet, 2021 WL 1511251, at *1 (10th Cir. Feb. 9, 2021).  Moreover,
> Federal Courts only have authority to hear controversies arising under federal law (federal-
> question jurisdiction) and controversies arising between citizens of different states
> (diversity jurisdiction).  See 28 U.S.C. §§ 1331, 1332.  "[F]ederal question jurisdiction
> must appear on the face of the complaint."  Firstenberg v. City of Santa Fe, N.M., 696
> F.3d 1018, 1023 (10th Cir. 2012)(quotations omitted).  Courts must "look to the way the
> complaint is drawn" to determine whether it asserts a "right to recover under the
> Constitution and laws of the United States."  Id.  To establish diversity jurisdiction, "the
> complaint must allege that the plaintiff and defendant are citizens of different states and
> that the amount in controversy is greater than $75,000."  Rice v. Off. of Servicemembers'
> Grp. Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001).
>
> The Letter-Complaint here does not appear to satisfy either standard.  Plaintiff
> alleges the "Feds" held funds during its investigation of Ayudando Guardians. ECF 1 at 1.
> However, there is no prayer for relief or request to recover under the Constitution or federal
> law.  There are also no allegations regarding citizenship or the amount in controversy.
> Therefore, by March 28, 2022, Plaintiff must show cause why the Letter-Complaint should
> not be dismissed for lack of jurisdiction.  Plaintiff is advised that, even if he amplifies his
> allegations, it is not clear this Court or the [Attorney General] could ultimately grant relief
> with respect to his mother's trust.  If Plaintiff intended the Letter-Complaint to function
> as an inquiry to the [Attorney General], he can simply re-mail the filing to the [Attorney
> General's] office and decline to take further action in this case.

See Show Cause Order at 2-3.

The Show Cause Order warns that failing to submit timely an initial partial payment and

to address jurisdiction would result in dismissal of this action without further notice.  See Show

Cause Order at 4.  On March 28, 2022, C. Maeker filed a response to the Show Cause Order.  See

Untitled Letter-Response, filed March 28, 2022 (Doc. 8)("Response").  The Response states:

> I intended the letter complaint to function as an inquiry only, not to make a case.  I decline

to take further action in this case.   Thank you.

<u>See</u> Response at 1.   The Court liberally construes the *pro se* Response as a request for voluntary

dismissal under rule 41(a) of the Federal Rules of Civil Procedure.   <u>See</u> Fed. R. Civ. P. 41(a).

## <u>ANALYSIS</u>

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissal.   That rule

gives plaintiffs a right to dismiss an action without prejudice "before the opposing party serves

either an answer or a motion for summary judgment."   Fed. R. Civ. P. 41(a)(1)(A)(i).   The right

to dismiss under Rule 41(a)(1)(i) is "absolute," if those conditions are met.   <u>Janssen v. Harris</u>, 321

F.3d 998, 1000 (10th Cir. 2003).   This case is still in screening.   C. Maeker has not served any

opposing party, nor has any party filed an answer or motion for summary judgment.   Accordingly,

the Court will dismiss this case without prejudice pursuant to Rule 41(a).   To the extent C. Maeker

still hopes for an answer to his inquiry about inheritance, even though he does not wish to prosecute

a civil case, the Court notes that it "cannot provide legal advice."   <u>Johnson v. Audet</u>, 2021 LEXIS

11301, at *1 (10th Cir. Feb. 9, 2021).

**IT IS ORDERED** that: (i) the Plaintiff's Letter-Complaint (dated November 5, 2021),

filed November 16, 2021 (Doc. 1), is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a);

and (ii) the Court will enter a separate judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Christopher Maeker
Eloy, Arizona

    *Plaintiff Pro Se*

- 4 -